**FILED**
**MARCH 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAND O' FROST, INC. and <br> LAND O' FROST, INC. <br> EMPLOYEE BENEFIT PLAN, | ) <br> ) <br> ) <br> ) | **08 C 1554** |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. _____ |
| ADMINONE CORPORATION, | ) <br> ) | JURY DEMANDED |
| Defendant. | ) <br> ) | **JUDGE COAR** <br> **MAGISTRATE JUDGE MASON** |

## COMPLAINT

Plaintiffs Land O' Frost, Inc. and Land O' Frost, Inc. Employee Benefit Plan, by their attorneys, state the following as their complaint against Defendant AdminOne Corporation.

### Parties, Jurisdiction And Venue

1. Land O' Frost, Inc. ("Land O' Frost") is an Illinois corporation having its principal place of business in Illinois. Land O' Frost, Inc. Employee Benefit Plan (the "Benefit Program") is an employee welfare benefit plan as defined in 29 U.S.C. § 1002 (ERISA).

2. Defendant AdminOne Corporation ("AdminOne") is, on information and belief, an Oklahoma corporation, having its principal place of business in Oklahoma. It is the successor company to SMC, Inc. ("SMC").

3. The amount in controversy in this litigation exceeds $75,000, exclusive of interest and costs.

4. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332. It also has federal question jurisdiction (28 U.S.C. § 1331) with respect to Count III.

5. Representatives of SMC repeatedly traveled to Illinois to negotiate and service SMC's relationship with Land O' Frost with respect to the Benefit Program. And when

AdminOne merged with SMC, representatives of AdminOne and SMC traveled to Illinois to explain the merger and to service the Land O' Frost relationship and the Benefit Program. Hence, there is personal jurisdiction in Illinois over AdminOne.

6. Under 28 U.S.C. § 1391, venue is proper in this district. All of the financial transactions at issue in this case were processed in Illinois, and Land O' Frost has established an Illinois-based VEBA to process contributions and claims to the Benefit Program. In addition, representatives of Land O' Frost and the Benefit Program in Illinois, and their broker in Illinois, were involved in attempts to resolve the claim at issue in this case.

<u>Background</u>

7. Land O' Frost is engaged in the business of processing and selling packaged deli luncheon meats and related products. It is headquartered in Lansing, Illinois and has a processing plant in Searcy, Arkansas.

8. Land O' Frost established the Benefit Program to provide healthcare benefits to its employees. From time to time, Land O' Frost has hired third-party administrators to process and monitor claims made by its employees under the Benefit Program.

9. For many years prior to September 2005, Land O' Frost contracted with SMC to be the third-party administrator with respect to the Benefit Program. The Benefit Program was a third-party beneficiary to this contract.

10. Commencing on September 1, 2005, Land O' Frost renewed its contract with SMC for a one year term (the "SMC Agreement").

11. In or about December 2005, SMC advised Land O' Frost that it had been merged with AdminOne. It was Land O' Frost's understanding that AdminOne would be assuming the SMC Agreement.

12.  From about January 2006, Admin One provided the services which SMC had previously agreed to provide, including the following:

    a.   billing and collecting monthly the premiums and fees due;

    b.   following the claims administration procedures and practices desired by [Land O' Frost] and consulting with [Land O' Frost] on any changes;

    c.   providing suitable facilities, personnel, procedures, forms and instructions for the administration of claims under the Benefit Program;

    d.   certifying eligibility of persons to receive payments under the Benefit Program;

    e.   determining, in accordance with the Benefit Program and claims administration procedures and practices, the qualification of claims submitted, making, as required, such investigations as may be necessary;

    f.   making payment with [Land O' Frost] funds. . . of amounts due with respect to claims that qualify under the Benefit Program.

13.  Under the SMC Agreement, SMC agreed to indemnify Land O' Frost for any loss, damage and expense with respect to the Benefit Program resulting from or arising out of error or omissions SMC's employees.

14.  During the course of 2006 and thereafter, Land O' Frost discovered several errors had been made in the processing of claims under the Benefit Program, including, but not limited to, the following:

    a.   AdminOne/SMC incorrectly loaded Land O' Frost data into AdminOne's date processing system, resulting in overpayments to Central Arkansas Hospital;

    b.   AdminOne/SMC approved the payment of a claim for a transplant patient which resulted in the overpayment of about $160,000 by the Benefit Program;

    c.   SMC and/or AdminOne failed to provide supporting documentation for some claims to the Benefit Plan's excess carrier, AIG. This has resulted in Land O' Frost having overpaid $90,552 with respect to the Benefit Program;

      d.    AdminOne/SMC failed to timely process a claim related to a 12 year old cancer patient, resulting in Land O' Frost overpaying in excess of $100,000.

## COUNT I—BREACH OF CONTRACT—SMC AGREEMENT

15.    As its paragraph 15, Land O' Frost restates the allegations made in paragraphs 1-14 above.

16.    The errors and omissions referenced in paragraph 14 above constitute a breach of the SMC Agreement.

17.    Said errors were both negligent and grossly negligent.

18.    Land O' Frost has performed all of the material terms of the SMC Agreement.

19.    Land O' Frost and the Benefit Program have been damaged by the breach.

Wherefore, plaintiffs request that judgment be entered in their favor and against AdminOne and that the court award plaintiffs their costs and other relief, including attorneys fees, as is appropriate.

## COUNT II—BREACH OF CONTRACT—ADMINONE AGREEMENT
(In the alternative only)

20.    As its paragraph 20, Land O' Frost restates the allegations set forth in paragraphs 1 to 14 above.

21.    Under the AdminOne "Administrative Services Agreement" form, AdminOne had, *inter alia*, the following duties and responsibilities:

      a.    consult with Land O' Frost and/or participants regarding the operation of the claims procedure and benefit provisions;

      b.    Disburse funds in accordance with provisions of the applicable plan documents from the Land O' Frost's claims account. Review for approval or disapproval in accordance with the then existing plan document, all claims submitted by participants, and supervise the payment of such approved claims;

      c.      Receive and distribute funds received from Land O' Frost for payment of claims, administrative expense, legal fees, accounting fees, or other fees pursuant to the operation of the Plan for the benefit of the Plan or its participants under the direction of Land O' Frost;

      d.      Maintain all records and accounts regarding the operation of the Plan for up to five (5) years.

To the extent this agreement is effective, the Benefit Program is a third-party beneficiary of the agreement.

22.    The errors and omissions described in paragraph 14 above constitute a breach of the terms of the AdminOne Agreement. Said errors with both negligent and grossly negligent.

23.    Land O' Frost has performed all of the materials terms of the AdminOne Agreement.

24.    Land O' Frost and the Benefit Program have been damaged by this breach.

Wherefore, plaintiffs request that judgment be entered in their favor and against AdminOne and that the court award plaintiffs their costs and other relief, including attorneys fees, as is appropriate.

### COUNT III—Breach of Fiduciary Duty--ERISA

25.    As their paragraph 25, plaintiffs restate the allegations contained in paragraphs 1-14 above.

26.    As reflected in paragraph 12 above, SMC, and its successor, AdminOne, had discretionary authority, control and responsibility over Benefit Program assets and with respect to the administration of the Benefit Program. As a consequence, SMC and subsequently AdminOne were fiduciaries as defined by ERISA.

27.    Pursuant to 29 U.S.C. § 1132 (d), the Benefit Program has standing to sue AdminOne.

28.    The errors and omissions described in paragraph 14 above, constitute a breach of AdminOne's fiduciary duty to the Benefit Program.

29.    The Benefit Program has been damaged by this breach.

Wherefore, the Benefit Program requests that judgment be entered in its favor and against AdminOne, and that the Benefit Program be awarded its costs, attorneys fees and other relief as may be just.

>                LAND O' FROST, INC. and
>                LAND O' FROST, INC. EMPLOYEE
>                BENEFIT PLAN
>
>
>                By:    Richard R. Winter
>                       One of their attorneys

Richard R. Winter
Suzanne Rollier
HOLLAND & KNIGHT, LLP
131 S. Dearborn
30th Floor
Chicago, Illinois  60603
312-263-3600

# 5175642_v1