IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAND O' FROST, INC. and <br> LAND O' FROST, INC. <br> EMPLOYEE BENEFIT PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> ADMINONE CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No.08 C 1554 <br> ) <br> ) Judge David H. Coar <br> ) <br> ) |

## RULE 26(f) REPORT OF PARTIES

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on July 9, 2008 telephonically and was attended by:

Richard R. Winter and Suzanne Rollier for plaintiffs Land O' Frost, Inc. and Land O' Frost Inc. Employee Benefit Plan (collectively, "Land O'Frost")

Glen Amundsen for defendant AdminOne Corporation ("AdminOne").

**I.     DESCRIPTION OF CLAIMS**

    **A.     Land O'Frost's Claims**

AdminOne, and its predecessor, SMC (collectively, "AdminOne"), were third-party administrators of a healthcare benefit plan provided by Land O'Frost to its employees. Land O' Frost alleges that during 2006, it discovered several errors had been made in the processing of claims by AdminOne, and that, as a result of these errors, Land O'Frost overpaid about $350,000 in benefits. In this lawsuit, Land O'Frost claims that these errors constituted a breach of the parties' agreement(s) and a breach of AdminOne's fiduciary duty to Land O'Frost.

B.  **AdminOne's Defenses**

AdminOne asserts that it complied with the terms and conditions of its service agreement contract with Land O' Frost, Inc. The overpayments claimed by Land' O Frost totaling approximately $350,000 were due in whole or in part to incorrect data supplied by the predecessor administrator, SMC, incorrect data supplied by Land O'Frost to SMC and/or AdminOne regarding managed care discounts applicable to this health care benefit plan; inaccurate or nonexistent information about prior amounts paid for or on behalf of certain employees under their respective lifetime coverage limit(s) and because Land O' Frost failed to timely submit claim information for reimbursement under a stop loss insurance policy that Land O' Frost voluntarily cancelled without securing a continuation of coverage for claims incurred before the cancellation but processed after the cancellation of the policy.

II. **PROSPECTS OF SETTLEMENT**

Prior to the filing of this litigation, the principals related to this case conferred and attempted to resolve the issues involved without success. The parties remain open to the prospect of settlement, and are hopeful that a settlement conference prior to the completion of discovery could lead to a swift resolution of the litigation.

III. **PRE-DISCOVERY DISCLOSURES**

The parties have agreed that they will exchange initial Rule 26(a)(1) disclosures on or before August 15, 2008.

IV. **DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

(a)  The following topics will be subject to discovery:

  (1)  Negotiation of the terms of the agreement between Land O'Frost and AdminOne;

       (2)    Each parties' performance or lack thereof, of obligations under the agreement;

       (3)    Facts underlying the errors and omissions alleged in the complaint

       (6)    Other topics likely to lead to the discovery of information relevant to the claims set forth in the pleadings.

(b)    All non-expert fact discovery will be completed by January 30, 2009.

(c)    The parties propose no variations on limits imposed by Fed. R. Civ. P. 30 and 33 with respect to depositions and/or interrogatory discovery.

(d)    Reports and disclosure of retained experts under Rule 26(a)(2) shall be made simultaneously by the parties on or before April 30, 2009. Alternatively, should the Court permit, Defendant suggests the disclosures be staggered such that Plaintiffs make their disclosure on March 30, 2009 and Defendant makes its disclosure on April 30, 2008; Plaintiffs does not object to this proposal. All rebuttal expert witnesses and opinions, if any, shall be simultaneously disclosed by the parties on or before June 15, 2009.

(e)    All retained expert depositions shall be completed by August 17, 2009.

The parties agree that some issues may be amenable to summary judgment proceedings. The parties agree that all motions for summary judgment, if any, shall be filed on or before March 2, 2009..

## V. PRE-TRIAL/TRIAL PLAN

The final Pre-Trial Order shall be completed by The final pretrial order shall be filed on or before September 30, 2009.

## VI. MAGISTRATE JUDGE CONSENT

All parties are willing to execute a consent to have all proceedings, including trial and entry of final judgment, take place before a magistrate judge.

Dated this 9th day of July, 2008.

3

Land O'Frost Inc. & Land O'Frost Employee Benefit Plan

AdminOne Corp.

By: <u>s/ Suzanne Rollier</u>
    Richard R. Winter
    Suzanne E. Rollier
    HOLLAND & KNIGHT LLP
    131 South Dearborn Street - 30th Floor
    Chicago, Illinois 60603
    Tel: (312) 263-3600
    Fax: (312) 578-6666

By: <u>s/ Glen Amundsen</u>
    Glen E. Amundsen
    Gary Zhao
    Victor J. Piekarski
    SmithAmundsen, LLC
    150 North Michigan Avenue
    Suite 3300
    Chicago, IL 60601
    (312) 894-3200

## CERTIFICATE OF SERVICE

The undersigned certifies that on **July 9, 2008**, she caused the foregoing **Rule 26(f) Report of Parties** to be filed electronically and that service was accomplished pursuant to the CM/ECF for filing users and that non-participants were served as required by L.R. 5.5.

/s/ Suzanne E. Rollier

Richard R. Winter
Suzanne E. Rollier
HOLLAND & KNIGHT LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600