#3007299-GEA/GZ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAND O'FROST, INC. and LAND O' FROST, INC. EMPLOYEE BENEFIT PLAN, | |
| Plaintiffs, | |
| v. | No. 08 C 1554 |
| ADMINONE COPRORATION, | Judge Coar<br>Magistrate Judge Mason |
| Defendant. | |

## DEFENDANT ADMINONE'S ANSWER TO COMPLAINT

Now comes the defendant, Adminone Corporation, by its attorneys SmithAmundsen, LLC, and for its Answer to plaintiffs Land O'Frost, Inc. and Land O'Frost, Inc. Employee Benefit Plan's complaint, states as follows:

### Parties, Jurisdiction and Venue

1.      Land O'Frost, Inc. ("Land O'Frost") is an Illinois corporation having its principal place of business in Illinois.  Land O'Frost Inc. Employee Benefit Plan (the "Benefit Program") is an employee welfare benefit plan as defined in 29 U.S.C. §1002 (ERISA).

ANSWER: Defendant admits Land O'Frost is an Illinois corporation and that the Benefit Plan is governed by ERISA.

2.      Defendant AdminOne Corporation ("AdminOne") is, on information and belief, an Oklahoma corporation, having its principal place of business in Oklahoma.  It is the successor company to SMC, Inc. ("SMC").

ANSWER: Defendant admits that it is an Oklahoma corporation with its principal place of business in Oklahoma. Defendant denies the remaining allegations in paragraph 2.

3. The amount in controversy in this litigation exceeds $75,000, exclusive of interest and costs.

> ANSWER: Defendant admits the allegations contained in paragraph 3.

4. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332. It also has federal question jurisdiction (28 U.S.C. §1331) with respect to Count III.

> ANSWER: Defendant admits that the court has diversity jurisdiction over this matter but denies the remaining allegations of paragraph 4.

5. Representatives of SMC repeatedly traveled to Illinois to negotiate and service SMC's relationship with Land O'Frost with respect to the Benefit Program. And when AdminOne merged with SMC, representatives of AdminOne and SMC travleled to Illinois to explain the merger and to service the Land O'Frost relationship and the Benefit Program. Hence, there is personal jurisdiction in Illinois over AdminOne.

> ANSWER: Defendant admits that there is personal jurisdiction in Illinois over AdminOne. Defendant denies the remaining allegations in paragraph 5.

6. Under 28 U.S.C. §1391, venue is proper in this district. All of the financial transactions at issue in this case were processed in Illinois, and Land O'Frost has established an Illinois-based VEBA to process contributions and claims to the Benefit Program. In addition, representatives of Land O'Frost and the Benefit Program in Illinois, and their broker in Illinois, were involved in attempts to resolve the claim at issue in this case.

> ANSWER: Defendant admits the venue is proper in this district but denies the remaining allegations in paragraph 6.

**Background**

7.     Land O'Frost is engaged in the business of processing and selling packaged deli luncheon meats and related products.  It is headquartered in Lansing, Illinois and has a processing plant in Searcy, Arkansas.

> ANSWER: Defendant admits the allegations contained in paragraph 7.

8.     Land O'Frost established the Benefit Program to provide healthcare benefits to its employees.  From time to time, Land O'Frost has hired third-party administrators to process and monitor claims made by its employees under the Benefit Program.

> ANSWER: Defendant admits only that the Benefit Program was instituted, is governed by ERISA and that the Program speaks for itself. Defendant further admits that Land O'Frost retained AdminOne to serve as the Benefit Plan's third party administrator.

9.     For many years prior to September 2005, Land O'Frost contracted with SMC to be the third-party administrator with respect to the Benefit Program.  The Benefit Program was a third-party beneficiary to this contract.

> ANSWER: Defendant admits that Land O'Frost contracted with SMC to allow SMC to serve as the third party administrator of the Benefit Program. The remainder of paragraph 9 is a legal conclusion to which no answer is required.

10.    Commencing on September 1, 2005, Land O'Frost renewed its contract with SMC for a one year term (the "SMC Agreement").

> ANSWER: Defendant admits the allegations contained in paragraph 10.

11.    In or about December 2005, SMC advised Land O'Frost that it had been merged with AdminOne.  It was Land O'Frost's understanding that AdminOne would be assuming the SMC Agreement.

> ANSWER: Defendant denies that it had merged with SMC. Defendant has insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 11 and therefore neither admit nor deny the same, but demand strict proof thereof.

12. From about January 2006, AdminOne provided the services which SMC had previously agreed to provide, including the following:

    a. billing and collecting monthly the premiums and fees due;

    b. following the claims administration procedures and practices desired by [Land O'Frost] and consulting with [Land O'Frost] on any changes;

    c. providing suitable facilities, personnel, procedures, forms and instructions for the administration of claims under the Benefit Program;

    d. certifying eligibility of persons to receive payments under the Benefit Program;

    e. determining in accordance with the Benefit Program and claims administration procedures and practices, the qualification of claims submitted, making, as required, such investigations as may be necessary;

    f. making payment with [Land O'Frost] funds . . . of amounts due with respect to claims that qualify under the Benefit Program.

ANSWER: Defendant admits only that it entered into an Administrative Services Agreement with Land O'Frost to serve as the claim supervisor of the Benefits Plan. Defendant provided various services set forth in the Administrative Services Agreement entered into between Land O'Frost and defendant. The Agreements speaks for itself. Defendant denies the remaining allegations of paragraph 12.

13. Under the SMC Agreement, SMC agreed to indemnify Land O'Frost for any loss, damage and expense with respect to the Benefit Program resulting from or arising out of error or omissions SMC's employees.

ANSWER: Defendant admits only that the SMC Agreement speaks for itself. The remaining allegations of paragraph 13 are denied.

14. During the course of 2006 and thereafter, Land O'Frost discovered several errors had been made in the processing of claims under the Benefit Program, including, but not limited to, the following:

    a. AdminOne/SMC incorrectly loaded Land O'Frost data into AdminOne's date processing system, resulting in overpayments to Central Arkansas Hospital;

    b. AdminOne/SMC approved the payment of a claim for a transplant patient which resulted in the overpayment of about $160,000 by the Benefit Program;

    c. SMC and/or AdminOne failed to provide supporting documentation for some claims to the Benefit Plan's excess carrier, AIG. This has resulted in Land O'Frost having overpaid $90,552 with respect to the Benefit Program;

    d. AdminOne/SMC failed to timely process a claim related to a 12 year old cancer patient, resulting in Land O'Frost overpaying in excess of $100,000.

ANSWER: Defendant denies allegations contained in paragraph 14, subparagraphs (a) through (d) inclusive.

## COUNT I – BREACH OF CONTRACT – SMC AGREEMENT

15. As its paragraph 15, Land O'Frost restates the allegations made in paragraphs 1 – 14 above.

ANSWER: Defendant restates its answers to paragraphs 1 through 14 as fully stated herein.

16.     The errors and omissions referenced in paragraph 14 above constitute a breach of the SMC Agreement.

ANSWER: Defendant denies the allegations contained in paragraph 16.

17.     Said errors were both negligent and grossly negligent.

ANSWER: Defendant denies the allegations contained in paragraph 17.

18.     Land O'Frost has performed all of the material terms of the SMC Agreement.

ANSWER: Defendant denies the allegations contained in paragraph 18.

19.     Land O'Frost and the Benefit Program have been damaged by the breach.

ANSWER: Defendant denies the allegations contained in paragraph 19.

WHEREFORE, defendant, AdminOne, by and through its attorneys, SmithAmundsen LLC, respectfully requests this Court to dismiss the plaintiffs' Complaint with prejudice and award court costs and attorney fees incurred in defending this lawsuit to the defendant.

## COUNT II – BREACH OF CONTRACT – ADMINONE AGREEMENT
### (In the alternative only)

20.     As its paragraph 20, Land O'Frost restates the allegations set forth in paragraphs 1 to 14 above.

ANSWER: Defendant fully restates its answers to paragraphs 1 to 14 as fully stated herein.

21.     Under the AdminOne "Administrative Services Agreement" form, AdminOne had, *inter alia,* the following duties and responsibilities:

    a.     consult with Land O'Frost and/or participants regarding the operation of the claims procedure and benefit provisions;

    b.    disburse funds in accordance with provisions of the applicable plan documents from the Land O'Frost's claims account. Review for approval or disapproval in accordance with the then existing plan document, all claims submitted by participants, and supervise the payment of such approved claims;

    c.    receive and distribute funds received from Land O'Frost for payment of claims, administrative expense, legal fees, accounting fees, or other fees pursuant to the operation of the Plan for the benefit of the Plan or its participants unde the direction of Land O'Frost;

    d.    maintain all records and accounts regarding the operation of the Plan for up to five (5) years.

To the extent this agreement is effective, the Benefit Program is a third-party beneficiary of the agreement.

    ANSWER: Defendant admits only that AdminOne Administrative Services Agreement speaks for itself. The remaining allegations of paragraph 21 are denied.

22.    The errors and omissions described in paragraph 14 above constitute a breach of the terms of the AdminOne Agreement. Said errors with both negligent and grossly negligent.

    ANSWER: Defendant denies the allegations contained in paragraph 22.

23.    Land O'Frost has performed all of the materials terms of the AdminOne Agreement.

    ANSWER: Defendant denies the allegations contained in paragraph 23.

24.    Land O'Frost and the Benefit Program have been damaged by this breach.

    ANSWER: Defendant denies the allegations contained in paragraph 24.

WHEREFORE, defendant, AdminOne, by and through its attorneys, SmithAmundsen LLC, respectfully requests this Court to dismiss the plaintiff's Complaint with prejudice and award court costs and attorney fees incurred in defending this lawsuit to the defendant.

## COUNT III – BREACH OF FIDUCIARY DUTY – ERISA

25. As their paragraph 25, plaintiffs restate the allegations contained in paragraphs 1 – 14 above.

    ANSWER: Defendant fully restates its answers to paragraphs 1 to 14 as fully stated herein.

26. As reflected in paragraph 12 above, SMC, and its successor, AdminOne, had discretionary authority, control and responsibility over Benefit Program assets and with respect to the administration of the Benefit Program. As a consequence, SMC and subsequently AdminOne were fiduciaries as defined by ERISA.

    ANSWER: Defendant denies the allegations contained in paragraph 26.

27. Pursuant to 29 U.S.C. §1132(d), the Benefit Program has standing to sue AdminOne.

    ANSWER: Allegations contained in paragraph 27 are legal conclusions to which no answer is required.

28. The errors and omissions described in paragraph 14 above, constitute a breach of AdminOne's fiduciary duty to the Benefit Program.

    ANSWER: Defendant denies the allegations contained in paragraph 28.

29. The Benefit Program has been damaged by this breach.

    ANSWER: Defendant denies the allegations contained in paragraph 29.

WHEREFORE, defendant, AdminOne, by and through its attorneys, SmithAmundsen LLC, respectfully requests this Court to dismiss the plaintiff's Complaint with prejudice and award court costs and attorney fees incurred in defending this lawsuit to the defendant.

## **AFFIRMATIVE DEFENSES**

Now comes the Defendant, Adminone Corporation, by its attorneys SmithAmundsen, LLC, and for its Affirmative Defenses to plaintiffs Land O'Frost, Inc. and Land O'Frost, Inc. Employee Benefit Plan's complaint, states as follows:

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted against the defendant.

### **Second Affirmative Defense**

To the extent the Complaint challenges any alleged act or omission occurring more than three years prior to the filing of the Complaint, such claims are time-barred under ERISA Section 413(2), 29 U.S.C. § 1113(2). Alternatively, to the extent that Plaintiff's claims are barred by any applicable statute of limitations, either in whole or in part, Plaintiff is precluded from recovering on those claims.

### **Third Affirmative Defense**

Plaintiff Land O'Frost failed to act with due diligence and use reasonable care to protect its interests, and the interests of the Land O'Frost Employee Benefits Plan, specifically to procure coverage for "run-off claims," and to provide AdminOne with relevant employee data and plan information so Adminone may properly administer the plan. These failures caused or contributed, in whole or in part, to its loss, if any.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to mitigate any damages that they may have sustained.

**Fifth Affirmative Defense**

Plaintiffs' claims and resulting damages were proximately caused by the actions of third parties who acted outside plaintiffs' and/or defendant's control.

**Sixth Affirmative Defense**

Plaintiff Land O'Frost has failed to perform all of the material terms of the SMC Agreement. Alternatively, plaintiff Land O'Frost has failed to perform all of the material terms of the AdminOne Agreement.

**Seventh Affirmative Defense**

Count III of plaintiffs' complaint is specifically barred by section 4.2 of the AdminOne Administrative Service Agreement. Section 4.2 states that AdminOne "is not and shall not be deemed to be a fiduciary of the plan and the disbursement of funds under this agreement does n imply any fiduciary responsibility upon [AdminOne]."

**Eighth Affirmative Defense**

Plaintiffs' action is barred by section 7.6 the AdminOne Administrative Service Agreement. Section 7.6 requires that Land O'Frost agree to indemnify and hold AdminOne harmless from any and all claims, liabilities, losses, fiduciary responsibilities or damages arising out of the performance by AdminOne under the Agreement.

**Ninth Affirmative Defense**

Plaintiffs' breach of contract claim and breach of fiduciary duty claims are barred because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

**Reservation of Defenses**

The defendant specifically reserves the right to assert any additional defenses that may become apparent during discovery.

**WHEREFORE,** the defendant prays that the Court enter a judgment:

1. dismissing the Complaint with prejudice; and

2. granting to the defendant its costs, including attorneys' fees, in this action.

Respectfully submitted,

SmithAmundsen LLC

By: /s/GaryZhao
One of the Attorneys for Defendant

Glen E. Amundsen
Victor Piekarski
Gary Zhao
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Il  60601
312/894-3200
ARDC 6279527

## CERTIFICATE OF SERVICE

I, Gary Zhao, hereby certify that on **July 14, 2008**, a copy of the foregoing Defendant AdminOne's Answer To Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Gary Zhao
Gary Zhao – Bar Number: 6279527
Attorney for Defendant AdminOne
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Telephone:   (312) 894-3200
Fax:         (312) 894-3210
E-Mail:      gzhao@osalaw.com